HENRY O. EWING, as Receiver of THE CARDIFF COAL AND IRON COMPANY, Respondent, *v.* GEORGE B. WIGHTMAN, Appellant.

*Contract — a note given in payment for land to be conveyed to the maker — a sale of the lands by a receiver of the vendor discharges the maker of the note.*

Where a vendee of land executes a note to the vendor, a corporation, for a portion of the purchase price upon the agreement of the corporation to convey the lands on receiving payment of the entire purchase price, the sale of the lands by a receiver of the corporation operates as an election by him to terminate the contract; and where such sale is made by him no action can be thereafter maintained by him against the vendee upon the note after its maturity.

APPEAL by the defendant, George B. Wightman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of October, 1897, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on

the 4th day of November, 1897, denying the defendant's motion for a new trial made upon the minutes.

*George H. Adams*, for the appellant.

*Edwin S. Hunt*, for the respondent.

VAN BRUNT, P. J.:

The plaintiff in this case, suing as receiver of the Cardiff Coal and Iron Company, sought to recover upon sixty-one causes of action, each being upon a promissory note based upon a contract made by the said company for the sale of land at Cardiff, Tenn., all of the contracts being of the same tenor and form, except as to purchase price, amounts of payments and description of land. The defendant was the maker of each of the promissory notes sued on and also the vendee in the contract of sale of lands in connection with which the notes were given. Certain cash payments were made on these contracts and the notes were made and delivered as evidence of deferred payments to be made on the contract of sale, and it was agreed that the vendor, the Cardiff Coal and Iron Company, upon full payment of the purchase price, should convey in fee simple with covenants of general warranty the particular lot described in each contract. Suit was not brought upon any of these notes until after the maturity of all of them. It was proven that the notes and the contracts were executed simultaneously, and that the consideration for the former was the agreement to convey the land specified in the contract on the payment in full of the purchase money represented in part by the notes. The contracts were executory; they do not constitute conveyances of the land. The notes were consideration *pro tanto* for the conveyance of the land, or, in other words, for the purchase price of the land; and as between the Cardiff Coal and Iron Company, or its receiver, the plaintiff, and the defendant, are open to all defenses available in an action by a a payee against the maker of a promissory note. It appears that the lands mentioned in these contracts have been sold by the receiver, and hence he is incapable of giving title thereto, in case the notes given in pursuance of said contract are paid, and the consideration for the notes has, therefore, failed.

The plaintiff by his sale has elected to terminate the contract, and

his action is inconsistent with the enforcement of any rights under it.   If a party insists upon his rights under a contract he must .do nothing which destroys his power to comply with his obligations contained therein.

The defendant is not bound to pay his notes and get nothing in return.

The judgment should be reversed and new trial ordered, with costs to appellant to abide event.

RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred; INGRA-HAM, J., concurred in result.